HENRY McCARTEN, Respondent, *v.* JOHN B. FLAGLER, Appellant.

*Obstruction of a sidewalk by a storekeeper for the purpose of his business — liability for injury to a pedestrian.*

Pedestrians have a right to the unobstructed use of the sidewalks in cities, with exceptions justified by necessity or public convenience.

Merchants may transfer goods from the street across the sidewalks to their storerooms, but the time and manner of such use must be reasonable with reference to the rights of the public, and there must be also due diligence on the part of one so using the sidewalk for his own business purposes to keep passers-by from injury.

Appeal by the defendant, John B. Flagler, from a judgment of the County Court of Dutchess county, entered in the office of the clerk of that county on the 5th day of December, 1892, affirming a judgment of a Justice's Court in favor of the plaintiff.

*William C. Albro,* for the appellant.

*Wood & Morschauser,* for the respondent.

Pratt, J.:

Judgment affirmed on opinion of county judge.

The opinion of the county judge is as follows:

" Guernsey, J.:

" This action was brought to recover damages from the defendant, a merchant doing business on Main street in the City of Pough-keepsie, for placing and permitting a box of merchandise to obstruct the sidewalk in front of his store.

" The testimony shows that the box was brought on the street between seven and eight o'clock in the morning, and allowed to remain until about half-past nine o'clock in the evening when an employee attempted to bring it in and turned it over on the side-walk. That box was about two feet long and one foot in depth and width.

" From the box a nail protruded from a half inch to two inches as stated by different witnesses.

" The plaintiff in passing the box after it was moved by the employee, had his pants caught on the protruding nail and torn so that they could not be mended.

" Plaintiff was walking with two others abreast and stepped ahead of them to pass the box.

" Pedestrians have a right to the unobstructed use of the side-walks in cities, with exceptions justified by necessity or public convenience. Merchants may transfer goods from the street across the sidewalks to their storerooms. The time and manner of such use must be reasonable with reference to the rights of the public and there must be also due diligence on the part of one so using the side-walk for his own business purposes to keep the passer-by from injury.

" There is nothing in the evidence to show that plaintiff did not exercise reasonable care in passing along the sidewalk by the box.

" The question whether the obstruction was necessary in the transaction of defendant's business and reasonable in regard to the rights of the public is a question of fact depending on all the circumstances of the case.

" The court below has found on the facts in the case against the defendant. The evidence justifies the finding. A small box was permitted to obstruct the street from early morning, and if not on sidewalk before, was there concededly sometime before and until half-past nine P. M. It may well be said there was no business necessity for having the box on the sidewalk at such an hour of the night, and none was shown or attempted to be shown. The defendant for all that appears would have escaped collision with the box had it not been for the protruding nail. This was a danger he was not called upon to expect, even though he saw the box.

"As to the amount of damages it does not seem excessive. The evidence is that the pants had been purchased a month before and worn a little, but were new, and so torn they could not be mended. Evidence as to the cost was excluded. The maker of the pants testified he knew the value of such goods, and was asked : 'How much were they worth when new?' which defendant objected to and the trial court overruled the objection and gave exception. The answer was nine dollars.

" The question was proper. The value of the pants when new, the time and amount of wear given and extent of damages caused by contact with the box formed a good and substantial basis for arriving at the injury plaintiff had sustained, which seems to have been reasonable and justly found.

" The judgment is affirmed, with costs."

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs.